UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

AUSTIN LAFERTY
3390 Casey Trail
Oshkosh, Wisconsin 54904

    Plaintiff,

v.

SOO LINE RAILROAD COMPANY
120 South 6th Street
Minneapolis, Minnesota 55402

    Defendant

Case No: 22-cv-119

**JURY TRIAL DEMANDED**

---

## COMPLAINT

COMES NOW Plaintiff, Austin Laferty, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the court as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA") and pursuant to 28 U.S.C. § 1343 because this case involves an Act of Congress providing for protection of civil rights.

2. Venue in this District is proper pursuant to 28 U.S.C. 1391(b) and (c), because Plaintiff resides in this District and Defendant has substantial and systematic contacts in this District.

## PARTIES AND COVERAGE

3. Plaintiff, Austin Laferty, is an adult male resident of the State of Wisconsin residing in Winnebago County with an address of 3390 Casey Trail, Oshkosh, Wisconsin 54904.

4. Defendant, Soo Line Railroad Company, is a Canadian company doing business in the State of Wisconsin with a principal office address of 120 South 6th Street, Minneapolis, Minnesota 55402.

5. Defendant is a railroad company operating in the United States as Canadian Pacific.

6. Defendant is a covered employer for purposes of the FMLA.

7. At the time of Plaintiff's FMLA leave requests, Plaintiff had been employed at Defendant for twelve (12) months and had worked at least 1250 hours during those twelve (12) months.

8. Plaintiff did not exceed the amount of FMLA leave for any FMLA leave entitlement period.

9. During Plaintiff's employment with Defendant, Plaintiff did not meet the criteria under 29 C.F.R. § 825.217(a), which defines "key employee" as used in the FMLA.

10. During Plaintiff's employment with Defendant, Defendant employed at least 50 employees within 75 miles of Plaintiff's primary work location in the State of Wisconsin.

11. Plaintiff has satisfied all administrative remedies and all conditions precedent to bringing this action.

## GENERAL ALLEGATIONS

12. In approximately June 2017, Plaintiff commenced employment with Defendant in the position of Signals & Communication Manager.

13. As of approximately September 2019 and in his Signals & Communication Manager position, Plaintiff reported directly to Greg Zielke, Assistant Director, who reported directly to Michael Frattaruolo, Director. Frattaruolo replaced Ed Hartwick in the position of Director.

14. During Plaintiff's employment with Defendant, Plaintiff suffered from a kidney condition, which was considered a serious health condition under the FMLA.

15. During Plaintiff's employment with Defendant and during the years 2018 and/or 2019, Plaintiff utilized approved FMLA leave for his own serious health condition.

16. During Plaintiff's employment with Defendant and during the latter half of the year 2019, Plaintiff utilized approved FMLA leave for his own serious health condition for approximately two (2) weeks, but Zielke and Hartwick forced Plaintiff to return to work from approved FMLA leave, telling Plaintiff: "You need to do the work if you want to maintain your employment," or words to that effect. Plaintiff reported this incident to Lisa Hanson in Defendant's Human Resources Department, and Zielke and Hartwick were reprimanded by Defendant for their treatment of Plaintiff while off of work on approved FMLA leave.

17. During the calendar years 2020 and 2021, Plaintiff's kidney condition required at least two (2) appointments and treatment visits with his health care provider(s) and/or treating physicians and caused Plaintiff periods of incapacity.

18. During the calendar years 2020 and 2021, Plaintiff also provided direct care to a parent who was suffering from a serious health condition.

19. During the calendar years 2020 and 2021, Plaintiff properly complied with Defendant's notice policies and practices regarding his intermittent FMLA leave requests for either his own serious health condition or to care for his parent's serious health condition.

20. During the calendar years 2020 and 2021, Plaintiff properly complied with Defendant's notice policies and practices regarding his absences from work at Defendant because of his own serious health condition or to care for his parent's serious health condition.

21. During the calendar years 2020 and 2021, Defendant approved Plaintiff's FMLA leave requests for either his own serious health condition or to care for his parent's serious health condition.

22. During the calendar years 2020 and 2021, Plaintiff utilized approved FMLA leave on an intermittent basis for either his own serious health condition or to care for his parent's serious health condition.

23. During the calendar year 2021 and upon information and belief, Plaintiff utilized approved FMLA leave more frequently on an intermittent basis for either his own serious health condition or to care for his parent's serious health condition as compared to previous calendar years.

24. On or about December 6, 2021, Plaintiff met with Zielke and Frattaruolo (hereinafter simply, the "December 6, 2021 meeting.")

25. During the December 6, 2021 meeting, Zielke and Frattaruolo had GPS records of Plaintiff's company-issued truck, including information on where Plaintiff was and how much time Plaintiff had spent travelling in company-issued truck during the calendar year 2021.

26. During the December 6, 2021 meeting, Zielke told Plaintiff, "You haven't been at work for like 30% of the year this year," or words to that effect. Zielke pressed Plaintiff during the December 6, 2021 meeting, asking Plaintiff: "Where have you been?"

27. During the December 6, 2021 meeting, Zielke disapprovingly told Plaintiff, "You're one of my top performers; imagine what you could have done if you were at work more often," or words to that effect.

28. On December 17, 2021, Defendant terminated Plaintiff's employment.

29. On December 17, 2021, Defendant terminated Plaintiff's employment because of his approved intermittent FMLA leave use during the calendar years 2020 and 2021, and to prevent Plaintiff from the future use of FMLA leave.

## FIRST CAUSE OF ACTION – FAMILY AND MEDICAL LEAVE ACT (INTERFERENCE)

30. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

31. Defendant intentionally interfered with Plaintiff's rights by terminating Plaintiff's employment for using, and/or in order to prevent him from using, protected leave, in violation of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601 *et seq*.

32. As a result of Defendant's intentional violations of the FMLA, Plaintiff suffered damages in the form of loss of wages and other employment benefits and insurance.

## SECOND CAUSE OF ACTION – FAMILY AND MEDICAL LEAVE ACT (RETALIATION)

33. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

34. Defendant retaliated against Plaintiff by terminating his employment for exercising

his rights under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601 *et seq*.

35. As a result of Defendant's intentional violation of the FMLA, Plaintiff suffered damages in the form of loss of wages and other employment benefits and insurance.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing back pay, front pay and/or reinstatement, liquidated damages, pre- and post-judgment interest, and reimbursement for other benefits and expenses to be shown at trial;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 31st day of January, 2022

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ ***Scott S. Luzi***

James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail sluzi@walcheskeluzi.com